Divine vs. Bullock, &c.

---

fendant is admissible for the purpose of showing guilty knowledge on the part of the accused that the goods, for receiving which he is charged, were stolen.

N. WOLFE, for appellant cited 4 *C. & P.*, 386 ; *Archbold Cr. Pleading*, page 103 ; 1 *Wheeler's Cases*, page 203.

A. J. JAMES, Attorney General, for Commonwealth, cited 1 *Rev. Stat.*, 390 ; *Crim. Code, sec.* 334 ; *Wharton's Amer. Crim. Law, section* 631 ; *Ib., sec.* 1889, *and authorities there cited* ; *Ib., sec.* 728 ; 3 *Greenleaf's Ev., sections* 31 *and* 34 ; *Roscoe's Crim. Ev.*, page 875 ; 2 *Russell on Crimes*, pages 251–2.

---

CASE 7—IN EQUITY—JUNE 11.

## Divine vs. Bullock, &c.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

In 1837 a father conveyed a slave to his married daughter until her son by a previous marriage should attain the age of 21 years, and then to the son.   Her husband

Divine vs. Bullock, &c.

held said slave in her right when her son became of age in 1840. In 1839 or 1840 the son left Kentucky, where he had resided since his birth, and never returned, but died in 1846 or 1847. *Held*—that the right of action of the son accrued upon his arrival at age, and the husband's continued possession of the slave for five years thereafter, without suit, barred that right. (*4 Munf.*, 504.)

By the deed of 1837 the slave in contest was conveyed to Mrs. Divine until her son, James Wight, who was a child by a previous marriage, should attain the age of twenty-one, and then to the said James Wight. In this action after the death of the latter, for partition of the slave, John, amongst his heirs at law, the appellant claimed the slave as sole owner. The facts sufficiently appear in the opinion of the court. The circuit court having decided against the claim of appellant he appealed.

K. FARROW, for appellant, cited 5 *Mon.*, 503; 2 *Mar.*, 136; 1 *Litt.*, 299; 1 *J. J. Mar.*, 26; 11 *B. Mon.*, 277; *Plowd.* 25, 28; *Co. Litt.*, 49, a, b; 1 *Co.*, 66; *Ib.*, 138; *Blackstone's Com.*, 319, (*side page*, 398;) 1 *Dana*, 236; 3 *Dev's. Rep.*, 263; 2 *Ib.*, 185; 1 *Met.*, 475; *Ib.*, 498; 2 *Rev: Statutes, page* 127, *section* 2; 3 *Dana*, 396.

SIMPSON & SCOTT, for appellees, cited 3 *Litt.*, 288; 3 *Mon.*, 538; 1 *Dana*, 574; 2 *J. J. Mar.*, 469; 1 *Dana*, 17, 267; 3 *Bibb*, 39; 1 *Marsh.*, 533; 5 *Litt.*, 309; 3 *Mon.*, 280; 4 *Ib.*, 537; 2 *Dana*, 163; 3 *B. Mon.*, 131.

GEO. SMITH, on same side, cited 4 *Bibb*, 35; 1 *Dana*, 267.

JUDGE BULLITT DELIVERED THE OPINION OF THE COURT: (Judge Peters did not sit in this case.)

The only question is, whether or not the appellant was the sole owner of the slave *John*.

In 1837 the father of appellant's wife conveyed John to her until her son, James Wight, should attain the age of 21 years, and then to the said James Wight. According to the agreed facts James Wight became of age in 1840; in 1839 or 1840 he left the State of Kentucky, in which he had resided since his birth, and never returned, but died in 1846 or 1847. Appellant held said slave in right of his wife when Wight became of age. Wight's right of action then accrued, and appellant's

continued, possession for five years thereafter, without suit, barred Wight's right. (*Garland vs. Enos*, 4 *Munf.*, 504.)

The judgment of the court below, being inconsistent herewith, is reversed and the cause remanded with directions to dismiss the suit of the appellees so far as it relates to said slave.